E-FILED
Friday, 10 July, 2026  12:43:16 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

JEANNE IVES,

    *Plaintiff*,

  v.

JB PRITZKER, in his official capacity as
Governor of Illinois; BERNADETTE
MATTHEWS, in her official capacity as
Executive Director of the Illinois State Board
of Elections; and the ILLINOIS STATE
BOARD OF ELECTIONS,

    *Defendants*.

No. 3:26-cv-3158-SEM-DJQ

**GOVERNOR PRITZKER'S MOTION TO DISMISS
PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

Defendant JB Pritzker, in his official capacity as Governor of Illinois, moves to dismiss the complaint, Doc. 1, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The grounds for the Governor's motion are set forth in his supporting memorandum of law, which is incorporated here by reference. *See* Civil Local Rule 7.1(B)(1).

First, plaintiff has failed to allege Article III standing. Plaintiff disagrees with the purpose and operation of the Act, but that disagreement is not "sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 743 (1995). And although a plaintiff who "resides in a racially gerrymandered district . . . may suffer the special representational harms [that] racial classifications can cause in the voting context," *id.* at 744-45, such a person must allege that she lives in such a district to have standing to challenge the classification, *see id.* at 746; *Gill v.*

*Whitford*, 585 U.S. 48, 66-67 (2018).  Plaintiff has failed to do so, and so her complaint should be dismissed under Rule 12(b)(1).

Second, plaintiff's claims fail on the merits.  Plaintiff contends that the Act facially violates the Fifteenth Amendment to the U.S. Constitution and section 2 of the Voting Rights Act ("VRA"), but the Act is compliant with the Constitution and the VRA.  A State violates the Constitution in considering race in redistricting only when it "subordinate[s] traditional race-neutral districting principles" such as "compactness, contiguity, and respect for political subdivisions," to "racial considerations."  *Miller v. Johnson*, 515 U.S. 900, 916 (1995).  But the Act expressly imposes the exact opposite rule, instructing Illinois legislators to "subordinate" *race* to traditional districting principles.  10 ILCS 120/5-5(a).  The Act accordingly does not violate the Constitution, as a three-judge district court held just after its enactment in 2011.  *See Radogno v. ISBE*, No. 11-cv-4884, 2011 WL 5025251, at *8 (N.D. Ill. Oct. 21, 2011).  Plaintiff's VRA claim is coterminous with her constitutional claim, and so it fails for the same reasons.

Dated: July 10, 2026

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ Alex Hemmer
Alex Hemmer
Michelle Petersen
Holly Berlin
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
alex.hemmer@ilag.gov
(312) 814-3000

*Counsel for Defendants*

2